ELIJAH MANSHIP ET AL. ⎫
                vs.        ⎬  March Term, 1849.
WM. S. EVITTS ET AL.  ⎭

[CONVERSION OF REALTY INTO PERSONALTY—RIGHT OF SURVIVING HUSBAND TO
          PERSONAL PROPERTY OF HIS WIFE.]

WHERE real estate is sold under a decree of this court, the mutation from
    realty to personalty is complete when the sale is ratified by the court, and
    the purchaser has complied with the terms of it, by paying the purchase
    money, if the sale is for cash, or by giving bonds if the sale is on credit.
In this case, the sale was ratified, and the purchaser had complied with the
    terms by paying the cash installment of purchase money, and giving bonds
    with sufficient surety for the balance, and the Auditor had assigned a portion
    of the proceeds to M. and wife, in right of the wife, who was one of the
    heirs at law of the deceased, whose estate was sold. After this, the wife
    died, leaving her husband surviving her, and having had issue during cover-
    ture, which issue was then dead. HELD—
That the change from real to personal estate was complete before the death of
    the wife, and the proportion of the purchase money which had been assign-
    ed to the husband and wife, must be regarded as a *chose in action*, and as such
    survived to the husband.

[A decree was passed on the 23d of May, 1845, for a sale of
the real estate of Jonathan Evitts, late of Caroline county, de-
ceased, for the purpose of partition among his children and heirs
at law, upon a bill, filed by such of the heirs as were of age,
against those that were infants. After the sale and compliance
on the part of the purchaser, and report of the auditor, the dates
of which are stated in the opinion, Elijah Manship, one of
the complainants, filed a petition, stating the death of his wife
Louisa, and claiming, as surviving husband, the whole of the
sum assigned to him, in right of his said wife. The other
heirs at law, answered this petition, insisting, that he was en-
titled only to tenancy by the courtesy therein. Upon this
petition, the following opinion was delivered :]

THE CHANCELLOR:

The trustees' report in this case, which was filed on the
7th of October, 1846, states, that the purchaser, William Du-

lin, had paid the first installment of the purchase money, and had given bond, with good and sufficient surety, for the payment of the balance due and unpaid.

One of the heirs of Jonathan Evitts, deceased, was Louisa, the wife of Elijah A. Manship, and by the Auditor's report of the 5th of August, 1848, the sum of $204 61, was assigned to the said Manship and wife, in right of the wife. This report, was ratified and confirmed on the 7th of March, 1849, and the money directed to be applied accordingly. It now appears, that, on or about the 24th of July, 1848, the wife died, leaving her husband surviving her, and the question submitted by the petition and answer, and agreement filed on the 14th inst., is, whether the husband is entitled to this money, or, whether a child, having been born after the marriage, though now dead, he shall only be paid an equivalent for his life interest, as tenant by the courtesy, and the residue, go to her heirs at law.

According to the decision of the Court of Appeals, in *Leadanham* vs. *Nicholson*, 1 *Har. & Gill*, 267, the real estate, decreed to be sold in this case, was converted into personal, at the time of the death of the wife. The mutation from real to personal, the Court of Appeals say, is complete, when the sale is ratified by the court, and the purchaser has complied with the terms of it by paying the purchase money, if the sale is for cash, or by giving bonds if the sale is on credit. Here, the purchaser had complied with the terms of sale, in the lifetime of the wife, by paying the cash installment, and giving bond with approved surety for the deferred payment, and, consequently, the change from real to personal estate, was complete. The proportion, therefore, of the purchase money, which had been assigned to the husband and wife, must be regarded as a *chose in action*, and as such, survives to her husband.

—

L. W. POTTER for Petitioner.

E. R. SPRAGUE for Respondents.